```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    MIDDLE DISTRICT OF ALABAMA
                    NORTHERN AND EASTERN DIVISION
```

| | | |
|---|---|---|
| ANTHONY T. LEE, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff-Intervenor | ) | |
|     and Amicus Curiae, | ) | |
| | ) | |
| NATIONAL EDUCATION | ) | |
| ASSOCIATION, INC., | ) | |
| | ) | |
|     Plaintiff-Intervenor, | ) | |
| | ) | CIVIL ACTION |
|     v. | ) |    NOS. |
| | ) | |
| LEE COUNTY BOARD OF EDUCATION, | ) | 3:70cv845-MHT |
| RUSSELL COUNTY BOARD OF EDUCATION, | ) | 3:70cv848-MHT |
| TALLAPOOSA COUNTY BOARD OF EDUCATION, | ) | 3:70cv849-MHT |
| ALEXANDER CITY BOARD OF EDUCATION, | ) | 3:70cv850-MHT |
| AUBURN CITY BOARD OF EDUCATION, | ) | 3:70cv851-MHT |
| OPELIKA CITY BOARD OF EDUCATION, | ) | 3:70cv853-MHT |
| PHENIX CITY BOARD OF EDUCATION, | ) | 3:70cv854-MHT |
| ROANOKE CITY BOARD OF EDUCATION, | ) | 3:70cv855-MHT |
| BUTLER COUNTY BOARD OF EDUCATION, | ) | 2:70cv3099-MHT |
| COVINGTON COUNTY BOARD OF EDUCATION, | ) | 2:70cv3102-MHT |
| ELMORE COUNTY BOARD OF EDUCATION, | ) | 2:70cv3103-MHT |
| CRENSHAW COUNTY BOARD OF EDUCATION, | ) | 2:66cv2455-MHT |
| et al., | ) | |
| | ) | |
|     Defendants. | ) | |

OPINION ON STATE-WIDE FACILITIES ISSUE

On April 20, 2006, in these local school-desegregation cases, this court wrote that, "The parties have submitted to the court a proposed consent decree on the state-wide facilities issue that is 'fair, adequate, and reasonable,' ... is not illegal or against public policy, ... and thus meets the requirement of Rule 23 of the Federal Rules of Civil Procedure." <u>Lee v. Lee County Bd. of Educ.</u>, 2006 WL 1041994 *1 (M.D. Ala. 2006) (citation omitted). The court therefore approved the consent decree. <u>Id</u>.

The 2006 consent decree contained the following provision regarding termination:

> "33. The Court shall continue to retain jurisdiction of this matter to ensure full compliance with the terms and conditions of this decree until the date that is twenty-four (24) months after either (1) the beginning of implementation of the training by the State Department of Education or (2) the beginning of implementation of the collection, review and approval process by the State Department of Education, whichever shall last occur. This date shall be referred to as the 'projected termination date.' The State Department of Education shall file a certification with the Court confirming the latter implementation date and thus establishing the projected termination date. On the projected termination date, this action shall be placed on the Court's administrative active docket. At any time prior to that date, any party may move the Court to reinstate the action to the active docket for resolution of any relevant issues and for the entry of appropriate relief. If no such motion is filed prior to the projected termination date, the statewide facilities issues portion of this action shall be automatically dismissed with prejudice, in its entirety, as of that date, and this decree shall be forever terminated."

Id. at *9.

On April 13, 2009, all parties filed a joint notice of compliance stating that they "submit that the Decree has been complied with in full and that they are in agreement that the statewide facilities issue is due to be dismissed with prejudice." Based on the representations made by the parties in the notice as well as the representations made during an on-the-record conference on April 27, 2009 (including that a fairness hearing is not warranted because one was held prior to the approval of the consent decree), the court agrees that there has been full compliance with the consent decree and that the state-wide facilities issue should be dismissed.

An appropriate judgment will be issued.

DONE, this the 28th day of April, 2009.

                                       /s/ Myron H. Thompson  
                                    UNITED STATES DISTRICT JUDGE